UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ADKINS, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   No. 1:14-cv-01593-TWP-TAB<br>) |
| WALGREEN CO. doing business as WALGREENS, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER ON JOINT MOTION TO FILE
CONFIDENTIAL SETTLEMENT AGREEMENTS UNDER SEAL**

The parties have settled this case, but because it is brought pursuant to the Fair Labor Standards Act they seek Court approval of their proposed resolution. The parties have filed a motion purporting to assert good cause for filing each individual settlement agreement under seal. Good cause does not exist for filing these settlement agreements under seal, and the Court denies the parties' motion. [Filing No. 29.]

The parties argue good cause exists because these settlement agreements include Defendant's private financial agreements with Plaintiffs, which the parties have agreed to keep confidential. This bare assertion is not a sufficient reason to seal these documents. As the parties acknowledge in their motion, there is a strong presumption that judicial records should remain public. This includes settlement agreements. Indeed, the "public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). This is especially true in FLSA cases, where the parties seek court approval of the settlement agreement. In doing so, the settlement agreement reflects the judge's input, which strengthens the presumption that

the document be made public. *Jessup,* 277 F.3d at 929-30. While the parties cite to cases where FLSA settlement agreements were sealed, these cases all arise from other districts. While there may be judges in this district who are willing to seal settlement agreements that require Court approval, the undersigned is not one of them—at least not without a significantly greater showing than is contained in the instant motion.

Thus, the parties have failed to rebut the presumption that court filings are public. For these reasons, the joint motion to file these confidential settlement agreements under seal [Filing No. 29] is denied.

Date: 8/7/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana


Distribution:

Louisa Johnson
SEYFARTH SHAW (Atlanta)
lojohnson@seyfarth.com

Brett C. Bartlett
SEYFARTH SHAW LLP
bbartlett@seyfarth.com

Ronald E. Weldy
WELDY LAW
weldy@weldylaw.com